1

2

3

4

5 # UNITED STATES DISTRICT COURT

6 ## EASTERN DISTRICT OF CALIFORNIA

7

8 RICHARD EDWARD RICHARDSON,     CV F   06-0306 OWW DLB HC

             Petitioner,     FINDINGS AND RECOMMENDATIONS

9                    REGARDING RESPONDENT'S MOTION TO

    v.                DISMISS

10

11 BOB HOREL,

12              Respondent.

13 _____/

14      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

15 pursuant to 28 U.S.C. § 2254.[1]

16 ## BACKGROUND

17      On August 27, 1997, Petitioner was convicted of petty theft with priors and a number of

18 sentencing enhancements were found true.  Petitioner received an indeterminate state prison term

19 of twenty-five years to life, plus an additional four years for the enhancements.  (Respondent's

20 Lodged Doc. 1.)

21      Petitioner filed an appeal.  On February 10, 1999, the Fifth District Court of Appeal

22 affirmed the judgment.  (Respondent's Lodged Doc. 2.)  The California Supreme Court denied

23 review on April 21, 1999.  (Respondent's Lodged Docs 3-4.)

24      Petitioner subsequently filed nine state post-conviction collateral challenges.

25      The first petition was filed on October 6, 1999, in the Kern County Superior Court.

26

27     [1] As Respondent submits, Bob Horel is the current Acting Warden of California State Prison - Solano and

28 not Tom L. Carey.  Accordingly, Bob Horel is substituted as Respondent in this action pursuant to Rule 25(d)(1) of
the Federal Rules of Civil Procedure.  See Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

1   (Respondent's Lodged Doc. 5.)  The petition was denied on October 28, 1999.  (Respondent's

2   Lodged Doc. 6.)  On January 12, 2000, Petitioner filed a motion for reconsideration.

3   (Respondent's Lodged Doc. 7.)  The motion was denied on January 13, 2000.  (Respondent's

4   Lodged Doc. 8.)

5        The second petition was filed on April 4, 2001, in the California Supreme Court.

6   (Respondent's Lodged Doc. 9.)  The petition was denied on July 25, 2001.  (Respondent's

7   Lodged Doc. 10.)

8        The third petition was filed on August 27, 2001, in the Kern County Superior Court.

9   (Respondent's Lodged Doc. 11.)  The petition was denied on September 21, 2001.

10  (Respondent's Lodged Doc. 12.)

11       The fourth petition was filed on October 25, 2001, in the Fifth District Court of Appeal.

12  (Respondent's Lodged Doc. 13.)  The petition was denied on November 9, 2001.  (Respondent's

13  Lodged Doc. 14.)

14       The fifth petition was filed on August 27, 2004, in the Kern County Superior Court.

15  (Respondent's Lodged Doc. 15.)  The petition was denied on August 30, 2004.  (Respondent's

16  Lodged Doc. 16.)

17       The sixth petition was filed on September 29, 2004, in the Kern County Superior Court.

18  (Respondent's Lodged Doc. 17.)  The petition was denied on October 4, 2004.  (Respondent's

19  Lodged Doc. 18.)

20       The seventh petition was filed on December 3, 2004, in the Kern County Superior Court.

21  (Respondent's Lodged Doc. 19.) The petition was denied on January 27, 2005.  (Respondent's

22  Lodged Doc. 20.)

23       The eighth petition was filed on February 24, 2005, in the Fifth District Court of Appeal.

24  (Respondent's Lodged Doc. 21.)  The petition was denied on March 3, 2005.  (Respondent's

25  Lodged Doc. 22.)

26       The ninth petition was filed on March 22, 2005, in the California Supreme Court.

27  (Respondent's Lodged Doc. 23.)  The petition was denied on February 8, 2006.  (Respondent's

28  Lodged Doc. 24.)

1   Petitioner filed two previous federal petitions in this Court.  The first petition was filed in

2   case number CV F 00-6100 REC LJO P on June 21, 2000.  The petition was dismissed on May 9,

3   2001, for failure to exhaust the state court remedies.  (Court Docs. 12-14, in CV-F-00-6100 REC

4   LJO P.)  The second petition was filed in case number CV F 02-5283 DLB HC on March 4,

5   2002.  The petition was dismissed on March 24, 2003, for being untimely and unexhausted.

6   (Court Docs. 21-22, in CV-F-02-5283 DLB HC.)

7   Petitioner filed the instant petition on March 10, 2006.  (Court Doc. 1.)  On July 21, 2006,

8   Respondent filed a motion to dismiss the petition as being successive and untimely.  (Court Doc.

9   13.)  Petitioner filed an opposition on August 14, 2006.  (Court Doc. 19.)  On this same date,

10  Petitioner filed a motion to hold the federal petition in abeyance while Petitioner seeks leave

11  from the Ninth Circuit Court of Appeals to file a successive petition.  (Court Doc. 18.)

12                                              DISCUSSION

13  A.    Procedural Grounds for Motion to Dismiss

14          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

15  petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

16  petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing § 2254

17  Cases.

18          The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer

19  if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of

20  the state's procedural rules. See e.g. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)

21  (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White

22  v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review

23  motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12

24  (E.D. Cal. 1982) (same).  Thus, a Respondent can file a motion to dismiss after the court orders a

25  response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F.

26  Supp. at 1194 & n. 12.

27          In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C.

28  § 2244(b)'s proscription against successive petitions and 28 U.S.C. 2244(d)(1)'s one-year

                                                      3

1  limitations period.  Because Respondent's motion to dismiss is similar in procedural standing to a

2  motion to dismiss for failure to exhaust state remedies or for state procedural default and

3  Respondent has not yet filed a formal answer, the Court will review Respondent's motion to

4  dismiss pursuant to its authority under Rule 4.

5  B.      Successive Petition

6          Because the current petition was filed after April 24, 1996, the provisions of the

7  Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current

8  petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). A federal court must dismiss a second or

9  successive petition that raises the same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  The

10 court must also dismiss a second or successive petition raising a new ground unless the petitioner

11 can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis

12 of the claim was not previously discoverable through due diligence, and these new facts establish

13 by clear and convincing evidence that but for the constitutional error, no reasonable factfinder

14 would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).

15 However, it is not the district court that decides whether a second or successive petition meets

16 these requirements, which allow a petitioner to file a second or successive petition.

17         Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by

18 this section is filed in the district court, the applicant shall move in the appropriate court of

19 appeals for an order authorizing the district court to consider the application." In other words,

20 Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive

21 petition in district court.  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must

22 dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave

23 to file the petition because a district court lacks subject-matter jurisdiction over a second or

24 successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v.

25 Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), cert. denied, 117 S.Ct. 794 (1997);  Nunez v.

26 United States, 96 F.3d 990, 991 (7th Cir. 1996).

27         A second or successive petition for habeas corpus is not considered "successive" if the

28 initial habeas petition was dismissed for a technical or procedural reasons versus on the merits.

4

1   See Slack v. McDaniel, 529 U.S. 473, 485-87 (2000) (holding that a second habeas petition is not

2   successive if the initial habeas petition was dismissed for failure to exhaust); Stewart v.

3   Martinez-Villareal, 523 U.S. 637, 643-45 (1998) (a second habeas petition is not successive if the

4   claim raised in the first petition was dismissed by the district court as premature.)

5       As previously stated, Petitioner filed two prior federal petitions challenging the same

6   conviction and sentence.  The first petition was filed in case number CV F 00-6100 REC LJO P,

7   Richardson v. Castro, on June 21, 2000.  Petitioner claimed that his sentence of twenty-five years

8   to life for petty theft with a prior constitutes cruel and unusual punishment and he challenged the

9   use of California Jury Instruction, Criminal 17.42.  The petition was dismissed for failure to

10  exhaust the state court remedies on May 9, 2001.  (Court Docs 12-14, CV-F-00-6100 REC LJO

11  P.)  The second petition was filed in case number CV F 02-5283 DLB HC, Richardson v.

12  Runnels, on March 4, 2002.  Petitioner alleged the following: (1) invalid use of prior convictions

13  to impose a life sentence - case number 18196; (2) invalid use of prior conviction to impose a life

14  sentence - case number 36009; (3) cruel and unusual punishment - trial court erroneously

15  excluded the terms of Petitioner's plea agreement when it used the priors to enhance the

16  sentence; and (4) CALJIC 17.42 - jury instruction precluded information regarding the elements

17  of prior convictions that contain reduction in penalty.  (Court Doc. 1, Petition, in CV-F-02-5283

18  DLB HC.)  On March 24, 2003, the second petition was dismissed for being filed outside the

19  one-year statute of limitations and for failure to exhaust the state court remedies.  (Court Docs.

20  21-22, CV-F-025283 DLB HC; Respondent's Lodged Doc. 31.)

21      In the instant petition, Petitioner contends that he was denied due process and equal

22  protection because the jury never returned an unlawful verdict of guilt of California Penal Code

23  section 667, because that was never charged in the indictment.  Petitioner further claims that he

24  was denied effective assistance of both trial and appellate counsel for failing to object to the

25  unlawful verdict.  (Petition, at 4.)

26      With regard to the first action filed in case number 00-6100 REC LJO P, because that

27  action was dismissed, without prejudice, for failure to exhaust the state court remedies, it does

28  not bar a second or subsequent petition from being filed.  In re Turner, 101 F.3d 1323 (9th Cir.

1    1996) (holding that section 2244(b) does not apply to a second or subsequent habeas petition

2    where the first petition was dismissed without prejudice for failure to exhaust state remedies).

3        With regard to the second action filed in case number 02-5283 DLB HC, because that

4    action was dismissed not only for failure to exhaust, but also for a violation of the one-year

5    statute of limitations, it bars a second or subsequent petition from being filed.  Although a

6    dismissal based on the statute of limitations does not include an examination of the merits of the

7    petition, it nonetheless operates and is equivalent to a final judgment on the merits.  See

8    Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005) (holding that a prior petition

9    dismissed based on state procedural default is a determination on the merits rendering a

10   subsequent petition successive); see also e.g. Ellingson v. Burlington Northern Inc., 653 F.2d

11   1327, 1330 n.3 (9th Cir. 1981) ("[a] judgment based on the statute of limitations is 'on the

12   merits', citing Mathis v. Laird, 457 F.2d 926, 927 5th Cir. 1972), cert. denied, 409 U.S. 871

13   (1972)); In re Marino, 181 F.3d 1142, 1144 (9th Cir. 1999) (explaining that "for res judicata

14   purposes a dismissal on statute of limitations grounds can be treated as a dismissal on the

15   merits.")  A dismissal based on untimeliness under the statute of limitations bars further review

16   of the action.  Therefore, because the second petition was adjudicated "on the merits", the instant

17   petition is a "second or successive petition" under § 2244(b).

18       Although Petitioner contends that the claims in the instant petition are "new and

19   different" claims from those raised in the previous petitions, the petition is nonetheless

20   successive, and prior approval from the Ninth Circuit Court of Appeals is required.  28 U.S.C. §

21   2244(b)(2)(A)-(B).

22       Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to

23   file his successive petition attacking the conviction.  That being so, this Court has no jurisdiction

24   to consider Petitioner's renewed application for relief from that conviction under Section 2254

25   and must dismiss the petition.  See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991.  If

26   Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file for

27

28

1    leave to do so with the Ninth Circuit.  See 28 U.S.C. § 2244 (b)(3).[2]

2        With regard to Petitioner's motion to hold the instant petition in abeyance while he seeks

3 authorization from the Ninth Circuit Court of Appeals, it should be denied.  This Court finds that

4 the most judicially efficient method to resolve whether the instant action is successive is for this

5 Court to dismiss the petition, without prejudice, and if Petitioner desires he can appeal from the

6 judgment dismissing the petition.

7 <center>RECOMMENDATION</center>

8        Based on the foregoing, it is HEREBY RECOMMENDED that:

9        1.       Respondent's motion to dismiss be GRANTED on the ground that the instant

10             petition is successive;

11        2.       Petitioner's motion to hold the instant petition in abeyance be DENIED; and

12        3.       The instant petition be DISMISSED, without prejudice.

13        This Findings and Recommendations is submitted to the assigned United States District

14 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of

15 the Local Rules of Practice for the United States District Court, Eastern District of California.

16 Within thirty (30) days after being served with a copy, any party may file written objections with

17 the court and serve a copy on all parties.  Such a document should be captioned "Objections to

18 Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served

19 and filed within ten (10) court days (plus three days if served by mail) after service of the

20 objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

21 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time

22 may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th

23 Cir. 1991).

24        IT IS SO ORDERED.

25    **Dated:**    **September 5, 2006**                **/s/ Dennis L. Beck**
     3b142a                              UNITED STATES MAGISTRATE JUDGE

26

27        [2] Because Respondent's motion can be resolved on this ground, in the interest of judicial economy, the
28 Court does not reach Respondent's alternative argument that the petition is also barred by the statute of limitations.